UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-cv-11330-RGS

DAVID FRENCH

v.

CHASE BANK, N.A.

MEMORANDUM AND ORDER ON
JPMORGAN CHASE BANK, N.A.'S MOTION
FOR SUMMARY JUDGMENT

January 31, 2012

STEARNS, D.J.

David French brought this lawsuit against defendant JPMorgan Chase Bank, N.A.[1] (Chase), alleging that Chase reneged on an oral promise to place his mortgage loan into a workout plan under the Home Affordable Modification Program (HAMP)[2] and reduce his monthly mortgage payment to $714. French seeks damages for breach

---

[1] Defendant corrects French's misnomer of "Chase Bank, N.A."

[2] In March 2009, the United States Department of Treasury announced the details of the Home Affordable Modification Program as part of the Making Home Affordable Program. Under HAMP, individual loan servicers voluntarily enter into contracts with Fannie Mae, acting as the financial agent of the United States, to perform loan modification services in exchange for certain financial incentives. Chase is a contracting party under HAMP. *See In re JPMorgan Chase Mortg. Modification Litig.*, 11-md-2290-RGS (D. Mass. 2011)

of contract and equitable relief from any foreclosure action. Chase moves for summary judgment asserting that it made "no such promise," but that, nonetheless, any such oral promise is unenforceable. Chase also argues that French is ineligible under HAMP as he has failed to make any mortgage payments since August of 2008, even at the reduced rate that he claims to have been promised.

## BACKGROUND[3]

On December 18, 2006, French refinanced his mortgage with a loan from Chase in the amount of $185,000. *See* Statement of Undisputed Material Facts (SOF) ¶ 3. In exchange for the loan, French gave Chase a promissory note and mortgage in real property located at 96 Old Colony Avenue, Unit 552, East Taunton, Massachusetts. *Id*. ¶¶ 1, 3. Chase is the current holder and servicer of the loan. *Id.* ¶ 5. French received $59,045.26 cash at the closing. *Id*. ¶ 4.

During a January 28, 2010 telephone conversation, a Chase employee allegedly offered to place French's loan into a trial period plan (TPP) pursuant to HAMP. *Id.* ¶ 6. The Chase representative also is alleged to have promised to send French a "Trial

---

[3] The facts are mostly extracted from Chase's Statement of Material Undisputed Facts. Under the Local Rules of the United States District Court for the District of Massachusetts, Rule 56.1, French's failure to controvert the facts proffered by Chase authorizes the court to deem them admitted for purposes of this motion. *Cf. Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 95 (1st Cir. 1996).

Modification Package" containing the material terms of the TPP. *Id.* French claims that he never received the Trial Modification Package. Compl. ¶ 5.

In a subsequent telephone call, Chase representative Constance Bradshaw allegedly offered to place French's mortgage loan into a HAMP/TPP. *Id.* ¶ 3. Bradshaw reportedly told French that she would mail him a Trial Modification Package, and that he was required to make three monthly payments in the amount of $714, beginning on April 1, 2010. French represents that he (again) did not receive the promised package from Chase. *Id.* ¶ 4. French received a March 25, 2011 letter from Chase indicating that his mortgage had been placed into a TPP and that he was required to submit certain loan-related documents.[4] Dkt #16-5. The letter stated that French had been enrolled "in a Trial Period Plan" under the "Making Home Affordable (MHA) Loan Modification Program," but that if Chase did not receive the requested documents by April 25, 2010, it would "terminate" the TPP. *Id.* The letter did not specify the

---

[4] Specifically, Chase requested the following: "A completed 4506T-EZ- Request for Transcript of Tax Return; [t]wo most recent pay stubs; [m]ost recent federal tax returns; [f]our most recent months' complete bank statements; [b]enefit statement or letter from provider that states the amount, frequency and duration of benefit; [p]roof of payment for most recent property taxes; [p]roof of payment of homeowner's insurance (property); [and p]roof of payment of homeowner's association fees." Dkt. #16-5.

TPP's terms.[5]

Chase has never received from French (or from anyone acting on his behalf) any of the documents specified in the March 25, 2010 letter. Accordingly, Chase argues that even if French's loan had been placed in a TPP, the plan was terminated as a result of his failure to comply with the document request. French has not made any payment on the loan since August 27, 2008, when Chase received a check in the amount of $1,654.13. As of July 8, 2011, Chase had paid $19,995.47, in municipal taxes and insurance to maintain the Property. *Id.* ¶ 11.

## DISCUSSION

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine" issue of fact exists when the evidence is "sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side." *Nat'l Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir. 1995). A "material" fact "has the potential to alter the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant." *Smith v. F.W. Morse*

---

[5] Chase states that this letter is the only document that French has produced in discovery. Chase's review of its files relating to French's mortgage loan reveals no other evidence that the loan was placed into a TPP. SOF ¶ 8.

& Co., Inc.*, 76 F.3d 413, 428 (1st Cir. 1996). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must view all evidence in the light most favorable to the nonmoving party, "drawing all reasonable inferences in that party's favor." *Thomas v. Eastman Kodak Co.*, 183 F.3d 38, 42 (1st Cir. 1999). Once the moving party has asserted that no genuine issue of material fact exists, the burden is on the opposing party to point "to specific facts demonstrating that there is, indeed, a trialworthy issue." *Nat'l Amusements*, 43 F.3d at 735; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Chase maintains that its alleged oral promise to French is unenforceable as a matter of law. Chase first argues that any such oral agreement is barred by the Statute of Frauds. The Massachusetts Statute provides that "[n]o action shall be brought . . . [u]pon a contract for the sale of lands, tenements or hereditaments or of any interest in or concerning them . . . unless the . . . contract . . . upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized." Mass. Gen. Laws ch. 259, § 1. Under Massachusetts law, [a]n agreement to give or assign a mortgage is an agreement to convey an interest in land and, to be enforceable, must be in writing." *See Linsky v. Exch. Trust Co.*, 260 Mass. 15, 17 (1927) ("A mortgage

as between the parties conveys a fee in land subject to redemption."). Thus, a contract affecting a mortgage falls squarely within the Statute. *See, e.g., Duff v. United States Trust Co.*, 327 Mass. 17, 20 (1951) (oral promise to partially release a mortgage unenforceable pursuant to statute of frauds); *Montuori v. Bailen*, 290 Mass. 72, 75 (1935) (oral promise not to foreclose under a mortgage unenforceable pursuant to the statute of frauds). *See also Metro. Credit Union v. Matthes*, 46 Mass. App. Ct. 326, 334 (1999) (holding that an oral agreement for the partial release of a mortgage is unenforceable pursuant to the statute of frauds). Chase's alleged oral promise to reduce French's monthly mortgage payments is similarly unenforceable. *See Hachikian v. Fed. Deposit Ins. Corp.*, 914 F. Supp. 14, 17 (D. Mass. 1996) ("The contract [plaintiff] seeks to enforce involves an interest in real property – the third and fourth mortgages on his home. To be enforceable, it must satisfy the requirements of the Statute of Frauds."). As French has failed to make any of the three TPP payments (the first was due on April 1, 2010), he does not have a viable claim for breach of contract. *See Lease-It, Inc. v. Mass. Port Auth.*, 33 Mass. App. Ct. 391, 397 (1992) ("It is well established that a material breach by one party excuses the other party from further performance under the contract." (quoting *Ward v. Am. Mut. Liab. Ins. Co.*, 15 Mass. App. Ct. 98, 100 (1983))).

## ORDER

For the foregoing reasons, Chase's motion for summary judgment is ALLOWED. The Clerk will enter judgment for defendant JPMorgan Chase Bank, N.A., and close the case.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE