UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11330-RGS

DAVID FRENCH

v.

CHASE BANK, N.A.

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR RECONSIDERATION

April 6, 2012

STEARNS, D.J.

David French brought this lawsuit against defendant JPMorgan Chase Bank, N.A. (Chase), alleging that it reneged on an oral promise to place his mortgage loan into a workout plan under the Obama Administration's Home Affordable Modification Program (HAMP). French sought damages for breach of contract and equitable relief from foreclosure on the mortgaged property. On November 23, 2011, Chase moved for summary judgment. In support of its request for summary disposition, Chase contended that it had made "no such promise," but even had one been made, the promise would have been unenforceable under the Massachusetts Statute of Frauds, Mass. Gen. Laws ch. 259, § 1.[1] The court agreed and on January 31, 2012, without

---

[1] Chase points out that French was in any event ineligible to participate in HAMP as he has not made any payments on his mortgage since August of 2008, even at the

any opposition having been filed, entered judgment for Chase and closed the case. On February 3, 2012, French filed a Motion for Reconsideration. The court granted French leave to file late an opposition to Chase's motion for summary judgment, which French did on February 21, 2012, as supplemented by a further filing on February 28, 2012.

To be entitled to summary judgment, Chase, as the moving party, must show "that there is no genuine dispute as to any material fact and [that it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To succeed, the moving party must show that there is an absence of evidence to support the nonmoving party's position." *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990). Chase easily satisfied its burden, presenting evidence that French was in default on his mortgage loan and that it had made no agreement to defer or reduce French's monthly mortgage payments.[2] The court further agreed as a matter of law that even had a Chase official promised French in a telephone call that his mortgage payment would be reduced to $714 per month, the promise was unenforceable by virtue of the Statute of Frauds. The

---

reduced rate French claims to have been promised. French states that he was instructed that the payments were to be made to "a specific Western Union box/code number" and that he was never able, despite repeated attempts, to obtain the correct code number from Chase. Opp'n Mem. at 4.

[2] Chase submitted affidavits from Matthew Kane and Thomas Reardon, with attached verified exhibits, demonstrating that French has been in default since August 27, 2008, and that no record exists in Chase's loan files indicating any attempt on French's part to negotiate a workout plan.

2

burden then shifts to French " to establish the existence of an issue of fact that could affect the outcome of the litigation and from which a reasonable jury could find for the [nonmoving party]." *Id*. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphases in original). A material fact is one which has the "potential to affect the outcome of the suit under applicable law." *Nereida-Gonzalez v. Tirado-Delgado*, 990 F.2d 701, 703 (1st Cir. 1993). In his "Objection," French repeats his claim that he had two telephone conversations with Chase employee Constance Bradshaw, who told him that his "application was complete and approved and that there would be no further document requests unless they were in the Trial Plan Package being sent to him." Opp'n Mem. ¶ 8. However, the law is clear (as pointed out in the court's January 31, 2012 Order), that any change to the terms of a mortgage agreement must be in writing. French maintains that a March 25, 2010 letter from Chase (with the header "**Your Account Requires Your Immediate Attention**") confirms his acceptance into a "Trial Period Plan" (TPP) and satisfies the Statute of Frauds. The letter indicates that Chase was missing documentation essential to its consideration of French's eligibility for the HAMP or TPP programs, and that it had "not received all documents necessary to

complete [French's] request for a modification." The letter also stated that Chase could not "continue to review [his] request for a 'Making Home Affordable Modification' because [he is] currently in a Trial Period Plan." The letter listed the specific documentation that Chase required and warned French that if Chase did not receive the documents by April 25, 2010, it would "terminate" his TPP. While the March 25, 2010 letter is some evidence that Chase may have placed French's mortgage in a TPP (or was considering a placement), it does not contain the specific terms of an enforceable agreement between the parties.[3] "[I]n order for a writing to satisfy the Statute of Frauds it must contain directly or by implication, all of the essential terms of the parties' agreement." *Simon v. Simon*, 35 Mass. App. Ct. 705, 709 (1994) (the duration of a lease is an essential term that cannot be provided by implication). *See also Fichera v. City of Lawrence*, 312 Mass. 287, 288 (1942) (a "party seek[ing] to enforce an alleged oral contract . . . must not only prove the existence of the oral contract itself but he must go one step further and prove a memorandum in writing containing the terms of that same oral contract in so far as he seeks to enforce them."); *Hachikian v. Fed. Deposit Ins. Corp.*, 914 F. Supp. 14, 17 (D. Mass. 1996) ("The

---

[3] Chase states that this letter is the only document that French has produced in discovery. French contends that he took contemporaneous notes whenever speaking with Chase personnel on the telephone; however, he has never produced these notes. SOF ¶ 8.

contract [plaintiff] seeks to enforce involves an interest in real property – the third and fourth mortgages on his home. To be enforceable, it must satisfy the requirements of the Statute of Frauds.").[4]

ORDER

For the foregoing reasons, French's motion for reconsideration is DENIED. The Clerk will enter judgment for defendant JPMorgan Chase Bank, N.A., and close the case.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[4] It is undisputed that Chase has never received from French (or from anyone acting on his behalf) any of the documents requested in the March 25, 2010 letter. Thus, even had French's loan been placed in a TPP, it would have been terminated by reason of his failure to comply with the document request.